Elwin N. SOUTH, Sr.,
Petitioner/Appellant,

v.

TENNESSEE BOARD OF PAROLES,
Respondent/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 11, 1996.

Permission to Appeal Denied by
Supreme Court May 5, 1997.

Elwin N. South, Sr., Tiptonville, pro se.

Charles W. Burson, Attorney General and Reporter, Patricia C. Kussmann, Assistant Attorney General, Nashville, for respondent/appellee.

### *OPINION*

CANTRELL, Judge.

The Tennessee Board of Paroles declined to grant parole to a prisoner in the custody of the Department of Correction. He petitioned the Chancery Court for a Writ of Certiorari. The court dismissed his petition. We affirm.

### I.

Elwin Nathaniel South Jr. was convicted on August 12, 1993 of aggravated sexual battery after pleading guilty to the charge. The offense arose from Mr. South's sexual contact with his three granddaughters, all of whom were below the age of thirteen. He was sentenced to eight years in prison, with parole eligibility after he had served 30% of his sentence. A parole hearing was held before two board members on May 18, 1995, and their recommendation that Mr. South be declined for parole was adopted by a third board member the following day. The reasons cited for decline were the seriousness of the offense, the high risk of re-offending, and the need to complete a sex offender program.

In his petition for certiorari, filed on June 19, 1995, Mr. South challenged the adequacy and accuracy of all three reasons as grounds for denial of parole, stating in one part of the petition that in reaching their decision the Board, acted "illegally, arbitrarily, and fraud-ulently." The trial court dismissed the petition, holding that despite the claims on the face of the petition, the petitioner was essentially challenging the intrinsic correctness of the Board's decision, and thus asking the court to go beyond the limited mandate of the writ. This appeal followed.

### II.

The powers and duties of the Board of Paroles are to be found in Tenn.Code Ann. § 40–28–101 et seq. That chapter contains the following language: "The action of the board in releasing prisoners shall be deemed a judicial function, and shall not be reviewable if done according to law." Tenn.Code Ann. § 40–28–115(c). The independence of the Parole Board receives still further emphasis from the Administrative Procedures Act. That Act defines the appropriate channels whereby an aggrieved party may obtain judicial review of the actions of administrative agencies, but specifically excludes the Board of Paroles from its provisions. Tenn. Code Ann. § 4–5–106(c).

■ Although the legislature has thus protected the decisions of the Parole Board from judicial review, the Board's activities are not thereby totally shielded from oversight by the courts. Its conduct may still be scrutinized under a Writ of Certiorari to determine if it has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily in discharging its functions. See *Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871 (Tenn.App.1994).

### III.

Mr. South has not actually alleged that the Board perpetrated a fraud in declining him parole, so the arguments he presents are more usefully examined under the headings of arbitrariness and illegality. One useful criterion for determining whether a decision can be considered to be arbitrary is whether or not it has a rational basis. *MobileComm v. Public Service Commission,* 876 S.W.2d 101 (Tenn.App.1993). Perhaps another might be whether it is supported by any substantial and material evidence in the record.

## The Finding of High Risk

██ Mr. South points out that he is seventy-two years old and in declining health, and that he has voluntarily sought treatment for his sexual urges. He also states that the trial court's order (and the appellee's brief) misstated his record by saying that "[h]e had served prior sentences for similar [illegal sexual] conduct in the 1960s." He thus argues that the parole board's decision ignored important facts, and that the chancery court's action was based on highly inflammatory, but untrue allegations.

The pre-sentencing recommendation found in the record actually recites that Mr. Smith had no criminal history in Shelby County, but that he had stated at interview that he received eighteen months treatment at a California state hospital and five years probation after being charged with child molesting in 1956, and that he had been found not to be guilty of another charge of child molesting in 1964.

While we think the appellee should be extremely careful not to mislead the trial court by allowing any factual inaccuracies to creep into its argument, we find no indication that the parole board failed to consider the appellant's age and condition, or that its members misapprehended the facts in his pre-sentencing recommendation or in other parts of his record.

Certainly Mr. South's age and physical condition do not preclude the possibility of further offenses against victims so young and vulnerable. And while his regret for his past acts and his voluntary recognition of the need for therapy are factors of positive value, they are no guarantee that he will not reoffend. Although we cannot say with certainty that Mr. South is at high risk for reoffending, neither can we say that the Parole Board had no rational basis for determining that he was.

## Seriousness of the Offense

██ Mr. South's objection to the use of the seriousness of his offense as a reason for declining him parole is based on the idea that it is illegal to make use of the same considerations for parole determination as had previously been used for sentencing. He notes that he has already been subjected once to a process whereby mitigating and aggravating factors were weighed by the trial court before it passed sentence, and argues that it is unfair to use those same factors to punish him again. As he states, the federal courts have used the same reasoning to criticize the practice of using seriousness of offense as grounds for declining parole. See *Addonizio v. United States*, 573 F.2d 147 (3rd Cir.1978).

However Tennessee's courts are not bound by the *Addonizio* case, and the Tennessee legislature has statutorily authorized the Board of Paroles to deny parole if release would depreciate the seriousness of the offense. Tenn.Code Ann. § 40–35–503(b)(2). See also *Arnold v. Board of Paroles*, Appeal No. 01–A–01–9508–CH–00375, 1996 WL 230210 (filed Nashville, May 8, 1996); *Mosley v. Board of Paroles*, Appeal No. 01–A–01–9604–CH–00162, 1996 WL 631477 (filed Nashville, November 1, 1996). We believe there was no illegality in the determination that it would depreciate the seriousness of Mr. South's offense to release him after he had served only two years for engaging in prohibited sexual contact with three children.

## Sex Offender Treatment Program

██ As the basis for his objection to the Board's third reason for declining him parole, Mr. Smith relies upon a consent decree in a class action suit filed on behalf of all convicted sex offenders in the custody of the Tennessee Department of Correction, *Dean v. McWherter*, No. 1–90–0027 (M.D.Tenn. filed August 18, 1994). The parties stipulated that the state would limit enforcement of a statute directed towards incarcerated sex offenders. The statute, Tenn.Code Ann. § 41–21–235(b) reads as follows:

(a) The department of correction, in cooperation with the department of mental health and mental retardation, shall develop a sexual abuse treatment program for sex offenders incarcerated after the program is instituted.

(b) Successful participation in and completion of such treatment program shall be a requirement for parole from the correctional institutions by such offenders.

The parties agreed, among other things, that the new statute will not be applied "until such time that the sex abuse treatment program is fully instituted." However the stipulation also provides that:

> Each sex offender who comes before the Board of Paroles will be judged on his or her own merits. The Board will apply the factors set forth in the Rules of the Board of Paroles, Chapter 1100–1–1–.06, to each sex offender in determining whether to grant or deny parole.

Though Mr. South registered for the sexual abuse treatment program, it was not available to him at the time of his hearing before the Parole Board. It thus would have been a violation of the consent decree to have denied him parole solely on the basis of his failure to complete the program. See *Dalton v. Board of Paroles,* Appeal No. 01–A–01–9601–CH–00029, 1996 WL 230209 (filed Nashville, May 8, 1996).

However, the Parole Board also cited the seriousness of his offense, a factor specifically named in Chapter 1100–1–1–.06(3)(b) as a reason for denying parole, and risk of re-offending, which is perhaps the most fundamental consideration for parole, and which is strongly implied in Chapter 1100–1–1–.06, sections (1), (1)(p), and (3)(a). Thus, even if the Board's use of Mr. South's failure to complete treatment as a reason for declining to parole him was in error, the error must be considered to be harmless under the circumstances of this case.

## Plea Agreement

Mr. South also argues on appeal that the trial court erred in not enforcing a plea agreement that he and the District Attorney allegedly entered into, which would have required his release after he had served 30% of his sentence. He points out that our Supreme Court has recently recognized that plea agreements are contractual in nature, and thus binding on the parties, see *State v. Howington,* 907 S.W.2d 403 (1995).

However, we are not certain that the *Howington* opinion necessarily means that a District Attorney's promises are binding on the Board of Paroles. See *Doyle v. Hampton,* 207 Tenn. 399, 340 S.W.2d 891 (1960). In any case, the task of the trial court is not to enforce the plea agreement, but to scrutinize the actions of the Board of Paroles for arbitrary or illegal conduct.

The trial court did not directly address Mr. South's plea agreement argument when it granted the State's motion to dismiss his petition, perhaps because the plea agreement is not discussed in the petition itself, but only in Mr. South's memorandum in opposition to the motion. The State's Motion to Dismiss was accompanied by an affidavit in which the Staff Attorney of the Board of Paroles testified as to the legality and regularity of the proceedings of which Mr. South complains. Mr. South's memorandum was not accompanied by any evidence to substantiate his claims as to the terms of his plea agreement, nor can we find any such evidence anywhere else in the record.

Lest it be thought that we place an impossible burden on the petitioner by requiring him to prove the terms of his plea agreement, we note that a verbatim record of the proceedings before the sentencing court was presumably prepared in accordance with Rule 11, Tenn.R.Crim.P. In such proceedings, the trial judge is required to question the defendant to make sure that he is aware of his rights, that his guilty plea is voluntary, and to determine whether his willingness to plead guilty results from prior discussions between the District Attorney and the defendant. The precise terms of the plea agreement should also have been embodied in the sentencing court's order.

As it appears that the trial court considered and did not exclude matters outside the pleadings, it is appropriate to treat the appellee's motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment. See Rule 12.02(6), Tenn.R.Civ.P. Such a motion may be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See *Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993).

Since Mr. South does not assert that he presented his allegations of a binding plea agreement to the Parole Board, and does not present any evidence of the existence of any

such agreement that the Parole Board should have been aware of, there exists no genuine issue of material fact to indicate that the Parole Board acted arbitrarily or in violation of law when it declined to parole him after he served 30% of his sentence.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., (M.S.) and KOCH, JJ., concur.