# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**March 24, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JAMES R. MILLER,                    )
                                    )
    Petitioner/Appellant,           )
                                    )   Appeal No.
                                    )   01-A-01-9804-CH-00177
VS.                                 )
                                    )   Davidson Chancery
                                    )   No. 97-3423-III
TENNESSEE BOARD OF PAROLES,         )
                                    )
    Respondent/Appellee.            )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

JAMES R. MILLER, #135058
South Central Correctional Facility
P. O. Box 279
Clifton, Tennessee 38425-0279
    Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
    Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# MEMORANDUM OPINION[1]

An inmate in the custody of the Department of Correction filed a petition for writ of certiorari, claiming that the Board of Paroles acted unconstitutionally in refusing to parole him. The chancery court dismissed the petition. We affirm the chancery court.

## I.

On May 11, 1990, James R. Miller pled guilty to charges of rape, incest and aggravated rape, and was sentenced to eighteen years imprisonment. The victim was his daughter, who was less than thirteen years of age at the time. Mr. Miller first became eligible for parole consideration in 1993. The Parole Board declined to parole him because of the seriousness of his offenses and the need to complete a sex offender treatment program. After the next parole hearing in 1995, he was again denied parole. The Board cited as their reasons the seriousness of the offense and negative disciplinary reports. On March 12, 1997, Mr. Miller came up for a hearing again, and the Board again voted to deny parole because of the seriousness of his offenses.

On October 15, 1997, Mr. Miller filed a petition for writ of certiorari to review the action of the Parole Board. The Parole Board moved to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. The trial court dismissed the petition on March 2, 1998. This appeal followed.

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

## II.

A petition for writ of certiorari must be filed within sixty days of the entry of the order or judgment appealed from. Tenn. Code Ann. §27-9-102. Failure to file a petition within the sixty day time limit results in the trial court losing jurisdiction of the case. *Fairhaven v. Tennessee Health Facilities Commission*, 566 S.W.2d 885 (Tenn. App. 1976). Since over seven months elapsed between the decision of the Parole Board and the filing of Mr. Miller's petition, it appears that the petition should have been dismissed for lack of jurisdiction. We note however, that even if Mr. Miller's petition had been timely filed, the court would still have been compelled to find it to have no merit.

Large portions of both Mr. Miller's petition for writ of certiorari and his brief on appeal are devoted to challenges to his conviction. Mr. Miller claims that the indictment was faulty, and that he pled guilty on the advice of a court-appointed attorney who assured him that if he did so he would be home in five months. Of course the Board of Paroles had no part in Mr. Miller's conviction and sentencing, and neither the chancery court nor this court has any jurisdiction over those matters.

The remainder of Mr. Miller's argument is that the Board acted unconstitutionally or illegally by basing its decision on the seriousness of his offense. The courts of this state have had several opportunities to examine the question of whether seriousness of offense is a constitutionally valid basis for denial of parole, and have determined that it is. *South v. Board of Paroles*, 946 S.W.2d 310, 312 (Tenn. App. 1996); *Arnold v. Board of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997).

We note that the legislature has authorized the Board of Paroles to deny parole if release would depreciate the seriousness of the offense, Tenn. Code Ann. § 4-35-503(b)(2). Rule No. 1100-1-1-.06(3)(b) of the Board of Paroles follows the

legislative directive.  Certainly, it would depreciate the seriousness of Mr. Miller's conduct if he were not severely punished for it.  We thus find that the Board's actions cannot be considered unconstitutional or illegal.

**III.**

The order of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE