IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief July 14, 2005

## JAMES C. BREER v. QUENTON WHITE

**A Direct Appeal from the Chancery Court for Lauderdale County**
**No. 13,049     The Honorable Martha B. Brasfield, Chancellor**

_____

**No. W2005-00702-COA-R3-CV - Filed August 23, 2005**

_____

Petitioner/Appellant is an inmate in the custody of the Tennessee Department of Correction. This appeal arises from the Appellant's filing of the underlying *pro se* petition for common-law writ of certiorari, seeking review of the Warden's decision to move him from one housing unit to another. The trial court dismissed Inmate's case based upon its determination that the Warden's decision was administrative, as opposed to judicial, in nature and that, as such, the common-law writ of certiorari was not the proper vehicle for review. Inmate appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James C. Breer, Pro Se

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Pamela S. Lorch, Senior Counsel, For Appellant, Quenton White, Tennessee Department of Correction

### OPINION

James C. Breer ("Petitioner," or "Appellant") is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). Quenton White ("Respondent," or "Appellee") is the Commissioner of the TDOC.[1] Mr. Breer contends that, on or about January 25, 2004, he was placed in segregation pending an investigation of another inmate's escape. On February 2, 2004, he was released from segregation and placed in a minimum security housing unit. At that time, Mr. Breer expected to be returned to the West Tennessee State Penitentiary Minimum Security Annex (the "Annex"). However, he subsequently learned that the Warden had determined that Mr. Breer posed a security risk and that he would not be returned to the Annex for that reason. Mr. Breer claimed that

_____

[1] Commissioner White is sued in his official capacity only.

the Warden's decision violated his Fourteenth Amendment due process rights and his liberty interests and, on April 28, 2004, Mr. Breer filed a "Petition for Writ of Certiorari to Review Action and/or Determination of the Lower Tribunal" (the "Writ of Certiorari").

On August 5, 2004, Respondent filed a "Motion to Dismiss," asserting that Mr. Breer's Writ of Certiorari was not the proper vehicle by which to gain review of the Warden's decision. On September 17, 2004, Mr. Breer filed a Response to the "Motion to Dismiss". While the "Motion to Dismiss" was pending, Mr. Breer filed a Motion for Summary Judgment on October 6, 2004. On November 8, 2004, Respondent filed an "Objection to Motion for Summary Judgment and Motion for Extension of Time," on the basis that it was premature for Mr. Breer to file a motion for summary judgment while a motion to dismiss was pending. On November 24, 2004, Mr. Breer filed a "Pro Se Response to Objection on Motion for Summary Judgment".

On March 7, 2005, the trial court entered its "Order of Dismissal" (the "Order"), granting Respondent's "Motion to Dismiss". The Order reads, in pertinent part, as follows:

> The decision to transfer inmates to different housing units is an administrative decision, not a judicial function as contemplated by the statute. There was no decision by a board or tribunal, and there is no record for this Court to review. Thus, there is no right to review an administrative decision under a petition for common-law writ of certiorari.
>
> There is no statutory authority for judicial review of administrative decisions of this type.
>
> Further, the Petitioner did not exhaust his administrative appeals.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that this petition should be, and is hereby, dismissed.

Mr. Breer appeals from the Order of the trial court and raises three issues for review as stated in his brief:

> I. Whether a Writ of Certiorari is a proper vehicle for challenging an "administrative decision" upon Appellee's failure to follow the Department of Correction's policies regarding procedural guidelines for placement on administrative segregation pending investigation, termination from a minimum security annex, loss of job, loss of privileges, as a denial of due process?

II. Whether an appeal lies from a judgment not final in form or substance?

III. Whether a motion for summary judgment is available to an initiating party to present evidence not contained in a record, to support the granting of Petition for Writ of Certiorari?

The primary issue in this case is whether a common-law writ of certiorari is the proper vehicle for review of the Warden's decision to move Mr. Breer from the Annex to another housing unit. T.C.A. § 27-8-101 (2000) governs the issuance of a writ of certiorari and reads, in relevant part, as follows:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy....

In ***Willis v. Tennessee Dep't of Corrections***, 113 S.W.3d 706 (Tenn. 2003), our Supreme Court further outlined the purpose and scope of a common-law writ of certiorari as follows:

> The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals. ***See Rhoden v. State Dep't of Corr.***, 984 S.W.2d 955, 956 (Tenn.Ct.App.1998) (citing ***Bishop v. Conley***, 894 S.W.2d 294 (Tenn.Crim.App.1994)). By granting the writ, the reviewing court orders the lower tribunal to file its record so that the court can determine whether the petitioner is entitled to relief.
>
> A common-law writ of certiorari limits the scope of review to a determination of whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. ***Turner v. Tenn. Bd. of Paroles***, 993 S.W.2d 78, 80 (Tenn.Ct.App.1999); ***South v. Tenn. Bd. of Paroles***, 946 S.W.2d 310, 311 (Tenn.Ct.App.1996). The petition does not empower the courts to inquire into the intrinsic correctness of the board's decision. ***Arnold v. Tenn. Bd. of Paroles***, 956 S.W.2d 478, 480 (Tenn.1997); ***Robinson v. Traughber***, 13 S.W.3d 361, 364 (Tenn.Ct.App.1999). Previously, we have specifically approved the use of a common-law writ of certiorari to remedy (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively

-3-

deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion. *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn.1980).

Since a writ of certiorari is an order issued by a superior court to compel a board or lower tribunal to send up its record(s) for a review to determine whether there has been an absence or excess of jurisdiction, or a failure to proceed according to the essential requirements of the law, *see, e.g., Clark v. Metro. Gov't of Nashville and Davidson County*, 827 S.W.2d 312 (Tenn. Ct. App. 1991), a writ of certiorari presupposes that the inferior board or tribunal has, or should have, created a record which may, upon issuance of the writ of certiorari, be reviewed by a superior court.

In the absence of a specific statute expressly granting the writ, the writ of certiorari is available only if the following requirements are met: (1) the order of the administrative body of which review is sought is one for which no judicial review is provided; (2) the function performed by the lower tribunal is essentially judicial in nature; (3) the order for which review is sought finally determines the rights of the petitioner. *See Buford v. Tennessee Dep't of Corrections*, No. M1998-00157-CO-AR3-CV, 1999 WL 1015672 (Tenn.Ct.App. Nov. 10, 1999) (citing Ben H. Cantrell, <u>Review of Administrative Decisions by Writ of Certiorari in Tennessee</u>, 4 Mem.St.U.L.Rev. 19, 27-28 (1973)). Of these criteria, the primary question in the case at bar is whether the action of the Warden was essentially administrative or judicial in nature. The question of what constitutes a "judicial" function in the arena of common-law writs of certiorari is discussed in Ben H. Cantrell's law review article as follows:

> As Professor Jaffe has shown, the term "judicial," when used in connection with the common-law writ, is not a highly technical term. "Judicial" simply conveys that the writ "has been directed to officers who made determinations *upon a record*."
>
> > There is nothing to show that the notion of "judicial" was a narrowly technical concept requiring nice distinctions [between "judicial" and "legislative" or "administrative"] as to the exact character of the action to be reviewed. It would appear that the gist was not so much in the character of the action as in the manner of it, namely that it was taken upon a record.
>
> > Jaffe concludes that, although some jurisdictions have distinguished "legislative" and "judicial" for purposes of determining whether the common-law writ is available, the better understanding of "judicial" in this context is one which affords the common-law writ to review any "proceeding inter partes where decision is to be taken on a record made at a hearing required by law."

-4-

Ben H. Cantrell, <u>Review of Administrative Decisions by Writ of Certiorari in Tennessee</u>, 4 Mem.St.U.L.Rev. 19, 20 (1973)) (citations and footnotes omitted) (emphasis in original).

In the instant case, no hearing was held prior to the Warden's decision to move Mr. Breer from the Annex. However, there is no statutory scheme providing for such review. Rather, T.C.A. §41-4-403(2) (2003) states:

> (2) The commissioner of correction has the discretion to determine the institutional location of inmates within the various security classifications...

This statutorily endowed discretion makes the Warden's decision to move Mr. Breer administrative in nature as opposed to judicial in nature (as that term "judicial" is defined above). Consequently, the situation at bar fails to satisfy the criteria for issuance of a writ of certiorari as outlined above and, therefore, the trial court was correct in dismissing Mr. Breer's case. The specific issues raised by Mr. Breer are rendered moot by our findings herein.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against the Appellant, James C. Breer, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-5-