IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## JOHN WILLIE PARTEE V. JAMES FORTNER, WARDEN AND STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 07-5023C     Timothy Easter, Judge**

**No. M2007-01724-CCA-R3-HC - Filed April 22, 2008**

The pro se petitioner, John Willie Partee, appeals as of right the Hickman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus. The petitioner alleges that he is entitled to habeas corpus relief because the Board of Paroles violated his constitutional rights by the retroactive use of release eligibility standards. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

John Willie Partee, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Leslie E. Price, Assistant Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that the petitioner was convicted of first degree murder and sentenced to ninety-nine years and one day in 1971. While serving his sentence at Brushy Mountain State Prison, the petitioner was convicted in 1983 of the additional offense of assault with intent to commit first degree murder arising from the stabbing of fellow-inmate, James Earl Ray. He received a sentence of sixty years for this offense to be served consecutively to the ninety-nine year and one day sentence for first degree murder.

In the instant petition for habeas corpus relief, the petitioner does not challenge his 1983 conviction but argues that he is entitled to habeas corpus relief because the Board of Paroles has violated his constitutional rights by its retroactive application of parole provisions to his sentences. He contends that he was granted custodial parole from the first degree murder sentence and had

begun serving the sixty-year assault sentence when the Board of Paroles revoked his custodial parole status and reinstated the service of the original first degree murder sentence based upon various executive orders related to release eligibility standards. The habeas corpus court summarily dismissed the petition for failure to state a cognizable claim. On appeal, the petitioner asserts that he is entitled to habeas corpus relief based upon the actions of the Board of Paroles. The state asserts that the judgment of the habeas corpus court should be affirmed because the petitioner has failed to allege, much less prove, that his judgments of conviction are void or his sentences have expired.

ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas corpus relief is limited and available only when it appears on the face of the judgment or the record of proceedings below that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for a writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

The petitioner alleges that the actions of the Board of Paroles violated his constitutional rights with respect to the calculation of his parole eligibility. We agree with the state that such a claim is not cognizable in a habeas corpus proceeding. In Long v. Tennessee Board of Probation and Parole, this court held that "[e]xclusive jurisdiction for judicial review of an action of the Board of Probation and Parole lies with the Chancery Court of Davidson County through a writ of certiorari." Long v. Tennessee Board of Probation and Parole, 143 S.W.3d 787, 793 (Tenn. Crim. App. 2004) (citing Norton v. Everhart, 895 S.W.2d 317, 319-20 (Tenn. 1995); Hopkins v. Tennessee Board of Parole and Probation, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001); South v. Tennessee Board of Paroles, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996)). We further advise the petitioner that his proper avenue for relief is to seek administrative review of the Board of Parole's actions and then, if necessary, seek a writ of certiorari in Davidson County Chancery Court. Id. Accordingly, we conclude that the habeas corpus court's summary dismissal should be affirmed.

CONCLUSION

Based upon the foregoing, we conclude that the summary dismissal of the petition for a writ of habeas corpus was proper. The judgment of the habeas court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE