IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 19, 2009

**JEREMY WHITE**

**v.**

**WARDEN TOMMY MILLS, DISCIPLINARY CHAIRPERSON
SGT. JOE SPICER, AND SGT. JOEL SMITH**

**An Appeal from the Chancery Court for Lake County
No. 5469     Tony A. Childress, Chancellor**

**No. W2009-00798-COA-R3-CV - Filed December 14, 2009**

This appeal involves a petition for a writ of certiorari filed by a prisoner seeking review of his disciplinary conviction for possession of contraband. The respondents did not oppose the issuance of the writ, and the certified record was filed with the trial court. Upon review of the administrative record and the parties' briefs, the trial court denied the petition, finding that the decision of the administrative disciplinary board was not illegal or arbitrary, and that it was supported by substantial and material evidence and had a rational basis. The petitioner prisoner now appeals. We affirm.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., joined. J. STEVEN STAFFORD, J., did not participate.

Jeremy Brian White, Henning, Tennessee, *pro se*.

Robert E. Cooper Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Jennifer L. Brenner for the appellees, Tennessee Department of Correction, Warden Tommy Mills, Sgt. Joe Spicer, and Sgt. Joel Smith.

**OPINION**

**FACTS AND PROCEEDINGS BELOW**

Petitioner/Appellant Jeremy White ("Petitioner") is a an inmate in the custody of the Tennessee Department of Correction ("TDOC") housed at the Northwest Correctional Complex in Tiptonville, Tennessee. On October 14, 2007, prison officials searched the Petitioner's cell and

found a zipped plastic bag containing alcohol pads,[1] which are considered to be contraband under TDOC policies. The bag of pads was found hidden between several bars of soap. Petitioner argued that this technical violation of TDOC policies should be excused because he received the pads in a gift bag provided to prisoners by the First Baptist Church of Tiptonville as part of its 2006 Christmas celebration. Petitioner was, nevertheless, charged with possession of contraband. In addition, after the Petitioner wrote a letter to the TDOC Disciplinary Board ("Board") about the incident, he was charged with attempting to intimidate an employee.

Petitioner asserts that he was placed in segregation from October 17 until October 24, 2007. His disciplinary hearing before the Board was continued a total of four times, on October 17 and 18, 2007, at his own request, and on October 24 and 26, 2007, because of health issues of the hearing officer, Sgt. Joe Spicer ("Sgt. Spicer").

On October 29, 2007, the Board held Petitioner's disciplinary hearing. Assistant Warden of Operations Andy Haynes ("AWO Haynes"), who investigated the charge, issued a statement to the Board indicating that alcohol pads were found in Petitioner's cell. AWO Haynes also stated that Petitioner's father had told him that the pads came from the church gift bags. After receiving that information, AWO Haynes inquired about the bags at the church, and two persons at the church responsible for packing the gift bags told him that alcohol pads were not included the 2006 Christmas bags. AWO Haynes stated that, even if the alcohol pads had been brought into the prison by church members, they nevertheless would have constituted contraband. He stated that other inmates "would [also] be written up if [they were] caught with [the alcohol pads]."

Fellow inmates Tyrone Tumblin and Derrick Alston testified at the hearing on Petitioner's behalf. They stated that they had received the same gift bags from the church and that their gift bags also contained alcohol pads. At least three other inmates submitted affidavits stating that they received similar alcohol pads in the 2006 church gift bags.

At the conclusion of the hearing, Petitioner was found guilty of both disciplinary charges. Petitioner appealed the Board's disciplinary decision to Warden Tommy Mills ("Warden Mills"). Warden Mills affirmed the conviction for possession of contraband, but dismissed the conviction for attempting to intimidate an employee. Petitioner appealed the decision on the contraband conviction to TDOC Commissioner George Little ("Commissioner Little"). Commissioner Little affirmed the decision of Warden Mills. As punishment for the infraction of possessing contraband, Petitioner was given five days punitive segregation, nine months package restriction, and was required to pay a four-dollar fine.

On January 25, 2008, Petitioner filed the instant petition for a writ of certiorari, *pro se*, challenging his conviction on the disciplinary charge of possession of contraband. The Petitioner claimed that Respondents Warden Mills, Sgt. Spicer, and Sgt. Joel Smith failed to follow the TDOC Uniform Disciplinary Procedures ("TDOC Procedures") and that, as a result, he was substantially

---

[1]The "alcohol pads" were facial cleansing pads.

prejudiced. Petitioner alleged violations of several provisions of TDOC Procedure 502.01, which provides:

1) 502.01(IV)(I)
   IV. DEFINITIONS
   ...
   I. Preponderance of the Evidence: The amount of evidence necessary for a party to prevail at a disciplinary hearing. The degree of proof which best accords with reason and probability and is more probable than not.

2) 502.01(II)

   II. Purpose: To provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the [TDOC].

3) 502.01(V)

   V. POLICY: Fair and impartial disciplinary proceedings will be administered against inmates charged with disciplinary infractions. The procedures contained herein alone shall govern the disciplinary process. This policy is not intended to create additional rights for inmates beyond those which are constitutionally required. Minor deviations from the procedures set forth below shall not be grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case.

4) 502.01(VI)(L)(4)(c)(3) & (6); (VI)(L)(4)(d)(1)

   VI. PROCEDURES:
   ...
   L. The Disciplinary Hearing
   ...
        4. The disciplinary hearing shall be conducted pursuant to the following procedures:
        ...
   (c) If the inmate pleads "not guilty", he/she shall be permitted the following:
        ...
        (3) To cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information).
        ...

(6) The right to present the testimony of relevant witness(es), unless allowing the witness to appear would pose a threat to institutional safety or order.

(d) The board/hearing officer shall record on a Disciplinary Continuation, CR-1831, specific reason(s) for not permitting the attendance of a witness requested by an inmate.

(1) An inmate who wishes to have witness(es) (inmate or staff) present to testify on his/her behalf at the hearing shall complete an Inmate Witness Request, CR-3511, and submit it to the hearing officer at least 24 hours prior to the hearing. The hearing officer shall indicate on the form whether the inmate's request has been approved or denied. If a requested witness is denied, the specific reason(s) for not permitting the attendance of the witness requested must be listed on the form.

5) 502.01(VI)(A)(6)(b); (VI)(J)(1):

VI. PROCEDURES:
A. The Disciplinary Board
...
6. The disciplinary board shall be convened on a schedule established by the Warden, who shall ensure the following:
...
b. No inmate charged with a disciplinary offense should be required to wait more than seven calendar days for his/her disciplinary hearing to be held, unless the hearing is continued pursuant to Section VI.(J). Failure to comply with this provision may constitute grounds for dismissal of the pending charge.
...
J. Procedures for Continuation
1. . . . The disciplinary hearing officer/chairperson may grant a continuance for a specified period of time up to seven days. No single continuance should exceed seven calendar days unless the basis for the continuance is beyond the control of the requesting party.

6) 502.01(VI)(A)(5)(b), (d)

VI.  PROCEDURES:
A.  The Disciplinary Board
...

> 5.  No employee shall be permitted to sit on the panel of the board hearing a given case if any of the following conditions exist:
> b.  He/she participated directly in the investigation.
> ...
> d.  He/she has a personal interest in the outcome of the case.

The Respondents filed a notice of no opposition to the issuance of the writ of certiorari, and on February 28, 2008, a copy of the certified record was filed with the trial court.  On April 7, 2008, Petitioner filed a brief in support of his claim for relief, attaching several supporting documents.[2] On June 9, 2008, the Respondents filed their response, asserting that the petition should be dismissed because the minimum requirements of due process were met in this case, and because the decision of the Board was not fraudulent, arbitrary, or illegal.  On June 24, 2008, Petitioner filed a reply brief.

On March 30, 2009, the trial court entered an order denying Petitioner the relief sought under the writ, based on its finding that the Board did not act illegally or arbitrarily in convicting Petitioner of possession of contraband.  The trial court reasoned that, although Petitioner asserted in his petition that TDOC violated its own policies, TDOC procedures may be considered illegal only when the failure to comply with TDOC policies constitutes a violation of the prisoner's rights under the due process clause.  Because Petitioner did not assert that the Board's failure to comply with its own policies constituted a violation of his due process rights, the trial court held, its actions were not illegal.  The trial court held further that Board's decision was not arbitrary, because it was based on material evidence, specifically Petitioner's admission that he possessed the contraband at issue.  The trial court also noted that nothing in the record indicated that the Board's decision was not based on reasoning and judgment.  From this order, Petitioner now appeals.

ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Petitioner argues that the trial court erred in concluding that, because he did not allege a violation of his due process rights, the Board's decision was not illegal.  In addition, Petitioner argues that the trial court erred in finding that the Board's decision was rational and based on material evidence.

The common-law writ of certiorari is the proper procedural vehicle through which a prisoner may seek review of the decision of the Disciplinary Board.  *See Willis v. TDOC*, 113 S.W.3d 706, 712 (Tenn. 2003).  The issuance of the writ, however, is not an adjudication of anything; it is simply

---

[2]The Respondents claim that the documents attached to Petitioner's brief filed in the trial court are not part of the certified record.  We note that the documents that are not part of the certified record will not be considered on appeal.

an order to the administrative tribunal to file the complete record of its proceedings with the trial court, so that the trial court can determine whether the petitioner is entitled to relief. *Keen v. TDOC*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Hawkins v. TDOC*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). Once the administrative record has been filed, "the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing." *Jackson v. TDOC*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Jeffries v. TDOC*, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002)).

The grounds for relief under a writ of certiorari are quite limited. Review is limited to whether "the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally arbitrarily, or fraudulently." *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (quoting *Hoover Motor Exp. v. Railroad and Public Utilities Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953). The reviewing court "may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute its judgment for that of the lower tribunal." *Keen*, 2008 WL 539059, at *2; *see also Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). Thus, a trial court's scope of review under the writ of certiorari does not involve an inquiry into the intrinsic correctness of the decision reached by the administrative tribunal, but only the manner in which the decision was reached. *Meeks v. TDOC*, No. M2007-01116-COA-R3-CV, 2008 WL 2078054 (Tenn. Ct. App. May 15, 2008); *Keen*, 2008 WL 539059, at *2. Accordingly, "[a]bsent a showing of some illegality or arbitrariness in the proceedings, a dispute over the outcome of a prison disciplinary hearing does not state a claim for writ of certiorari." *Meeks v. Traughber*, No. M2003-02077-COA-R3-CV, 2005 WL 280746, *3 (Tenn. Ct. App. Feb. 4, 2005). The reviewing court also looks to whether the record contains any material evidence to support the Board's findings. *Jackson*, 2006 WL 1547859, at *3 (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980)). The common law writ of certiorari has been used to remedy (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the authority of the lower tribunal; and (5) plain and palpable abuses of discretion. *Willis*, 113 S.W.3d at 712 (citing *State v. Willoughby*, 594 S.W.2d 388, 392 (Tenn.1980)).

## ANALYSIS

Petitioner first argues that the trial court erred in determining that, because he did not allege a violation of due process, the Board's failure to comply with its own policies did not render its decision illegal. The Tennessee Supreme Court has recognized that, regardless of whether there is an alleged violation of due process, alleging a violation of TDOC policies states a claim for relief under a common law petition for writ of certiorari:

> The Uniform Disciplinary Procedures exist "[t]o provide for the fair and impartial
> determination and resolution of all disciplinary charges placed against inmates."
> TDOC Policy No. 502.01(II). While it "is not intended to create any additional due
> process guarantees for inmates beyond those which are constitutionally required,"

-6-

deviations from the policy will warrant dismissal of the disciplinary offense if the prisoner demonstrates "some prejudice as a result and the error would have affected the disposition of the case." TDOC Policy No. 502.01(V).

*Id.* at 713. Thus, a prisoner states a claim for relief if his petition alleges facts demonstrating that the Board failed to follow TDOC Procedures, and that "this failure substantially prejudiced the petitioner." *Id.* For this reason, we must respectfully disagree with the trial court's conclusion that Petitioner in this case must be denied relief simply because he did not allege that his due process rights were violated. *See id.* We are mindful that "minor deviations" from TDOC procedures that do not prejudice a petitioning prisoner do not mandate dismissal of the disciplinary offense. TDOC Procedure 502.01(V). Rather, "[t]o trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." *Jeffries*, 108 S.W.3d at 873. We now turn to Petitioner's specific allegations that the Respondents' failure to comply with TDOC Procedures substantially prejudiced his case.

Petitioner argues that the Board violated Procedure 502.01(IV)(I), because the preponderance of the evidence at the hearing did not support the Board's conviction. He emphasizes that TDOC had no documentary evidence to support its decision, and that it based its findings on "hearsay." From our review of the record, however, the Board correctly applied the "preponderance of the evidence" standard in reaching its conclusion. As noted above, we do not reweigh the evidence or review the intrinsic correctness of the Board's decision; rather, we determine whether the Board's decision was illegal or arbitrary. Because it appears that the Board applied the preponderance of the evidence standard to the evidence submitted, its decision did not violate TDOC Procedure 502.01(IV)(I).

Petitioner next argues that the Board violated TDOC Procedure 502.01(II) and 502.01(V) by not issuing a fair and impartial determination of the disciplinary charge, because TDOC employees harassed fellow inmates who planned to testify on Petitioner's behalf. Petitioner alleges that, between October 17 and October 29, 2007, the date of the disciplinary hearing, he was told by three potential inmate witnesses that they were stopped and harassed by three prison employees for indicating that they intended to testify in support of Petitioner. During the hearing, Petitioner asked AWO Haynes whether he was aware that his fellow inmate witnesses were being harassed. AWO Haynes responded, "[Y]ou told me [that some inmates still had alcohol pads] and mentioned about them being written-up. I told you they would be written up if [they were] caught with [alcohol pads]. . . . [Petitioner] said they could produce the pads but didn't want to get a write-up. I told you they would be written-up if caught with [the pads]." No other evidence on this issue was submitted at the hearing, apart from Petitioner's accusations. Furthermore, there was no evidence that any witnesses refrained from testifying based on impermissible threats or improper harassment.

In our view, it appears from the record that the "harassment" about which Petitioner complains was the threat of disciplinary action if another inmate admitted to being in possession of alcohol pads, even if the admission were made in the context of testimony to support Petitioner. Likewise, in the petition for writ of certiorari, Petitioner states that any inmate who would have produced alcohol pads would have suffered "retaliation" in the form of being "written-up" for the

disciplinary infraction of possession of contraband.[3]   Regardless, it appears that the alleged "harassment" did not in fact prevent Petitioner from obtaining witnesses to testify, in person and by affidavit, that they received alcohol pads in gift bags distributed by the church in 2006.  The Board considered this testimony and decided that it was not credible, noting that church members denied having put the alcohol pads in the 2006 Christmas gift bags and that it was not reasonable to believe that Petitioner would still have the alcohol pads ten months after receiving them.  Under these circumstances, we find that the alleged "harassment" about which Petitioner complains did not prejudice his case or prevent him from having a fair disciplinary hearing.  Thus, any violation of this policy that may have occurred is not a basis for reversal of the Board's decision.

Petitioner also argues that he was denied a fair hearing because the Board violated Procedures 502.01(VI)(L)(4)(c)(3) & (6) and (VI)(L)(4)(d)(1) by denying his request to have TDOC employees "L. Vaughn, D. Ramsey, and Kirk" present, so that he could question them about their involvement in the alleged harassment and intimidation of Petitioner's witnesses, and by failing to indicate on the CR-3511 form the reason for not permitting the requested witnesses to attend the hearing.  As noted above, the record does not support Petitioner's contention that he was denied a fair hearing based on the alleged harassment of potential witnesses.  Therefore, neither the Board's denial of Petitioner's request to question the employees about their alleged harassment efforts, nor the failure to give a reason for this denial, resulted in a denial of a fair hearing to Petitioner on the charge of possession of contraband.  Consequently, any violation of TDOC Procedures in this regard is not a basis for dismissal of the charge.

Petitioner next alleges that the Board violated 502.01(VI)(A)(6)(b) and 502.01(VI)(J)(1) by delaying his disciplinary hearing until October 29, 2007, and that the violation of these procedures mandate dismissal of the charges against him.  Petitioner concedes that he agreed to the first two continuances of his disciplinary hearing.  He claims, however, that when a continuance was requested by TDOC on October 26, 2007, he specifically objected and immediately requested a dismissal of the charges.  Instead of dismissing the charges against him, Petitioner's disciplinary hearing was rescheduled to three days later on October 29, 2007.  Although Petitioner argues that this continuance violated TDOC procedures, he does not identify any prejudice resulting from the three-day delay, and the record does not reflect any resulting prejudice.  Therefore, we find that the delay in the disciplinary hearing is not a basis for dismissal of the charge against Petitioner.

Finally, Petitioner argues that the Board violated 502.01(VI)(A)(5)(b), (d), because Warden Mills and AWO Haynes were members of the First Baptist Church of Tiptonville, the church that gave the prisoners gift bags that allegedly contained the alcohol pads.  Petitioner asserts cryptically that because of their membership in the church, Mills and Haynes "had more than a personal interest in the outcome of this case."  Apparently in light of Warden Mills' church membership, Petitioner requested that his appeal be reviewed by another warden; this request was denied.  We find no basis for Petitioner's assertion that Warden Mills' or AWO Haynes' membership in the church somehow gave them an "interest" in the outcome of Petitioner's disciplinary matter or that it affected the

---

[3]We note that the fellow inmate witnesses did not have to produce alcohol pads in order to testify on behalf of Petitioner; rather, they could have simply testified that they received such pads in 2006 in the church gift bags.

fairness or the outcome of the administrative proceedings below. Therefore, the failure of the Board to transfer the case to another warden did not violate any TDOC Procedures and did not impact the fairness of the proceedings or prejudice the Petitioner.

Thus, we find that the claimed violations of TDOC Procedures, if any, did not deprive Petitioner of a full and fair hearing. Accordingly, we reject Petitioner's assertion that these alleged administrative violations mandate dismissal of the disciplinary charge against him.

We next consider Petitioner's argument that the Board's decision was "arbitrary."[4] A prison disciplinary board's actions may be deemed arbitrary if they lack a rational basis, are not based on reasoning or judgment, or are not supported by material evidence in the record. ***Hall v. Campbell***, No. W2002-00301-COA-R3-CV, 2002 WL 31423842, at *5 (Tenn. Ct. App. 2002); ***South v. Tenn. Bd. of Paroles***, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996). In the instant case, the Board found Petitioner guilty of possession of contraband based on the undisputed fact that Petitioner did, in fact, possess contraband, namely, the alcohol pads. The Board rejected Petitioner's stated justification for his possession of the alcohol pads. In making this assessment, the Board relied on AWO Haynes' testimony that church members told him that the alcohol pads were not in the 2006 gift bags to the prisoners, and also found Petitioner's assertion that he still had the alcohol pads ten months after receiving them in gift bags was not reasonable. Furthermore, AWO Haynes stated at the hearing that all of the gift bags brought by the church to the prison had been searched, and any contraband found in them would have been removed before the gift bags were given to the prisoners. As we have noted repeatedly, we are not permitted to inquire into the intrinsic correctness of the Board's decision. Rather, we focus on whether the matter was decided in an illegal or arbitrary manner. After careful review of the record, we find that the Board's decision had a rational basis, was supported by material evidence in the record, and was not arbitrary. Therefore, we reject Petitioner's claim that the disciplinary charge against him must be dismissed.

---

[4]Petitioner has not argued that the Board exceeded its jurisdiction or acted "fraudulently." ***See McCallen***, 786 S.W.2d at 638.

**CONCLUSION**

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Jeremy White and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE