IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
ASSIGNED ON BRIEFS SEPTEMBER 2, 2010


**DANNY E. ROGERS v. STEVE PAYNE, ET AL.**


**Direct Appeal from the Chancery Court for Johnson County**
**No. 6371      G. Richard Johnson, Chancellor**

-------------------

**No. E2010-00523-COA-R3-CV -  FILED OCTOBER 28, 2010**

-------------------

This appeal involves an inmate's petition for writ of certiorari, which he filed after he was convicted by the prison disciplinary board of participating in security threat group activity. After reviewing the record, the trial court dismissed his petition.  We affirm.


 **Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Danny E. Rogers, Mountain City, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, David S. Sadlow, Assistant Attorney General, Nashville, Tennessee, for the appellees, Steve Payne, et al

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Danny Rogers ("Petitioner") is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. Petitioner is housed in a security threat group[1] unit. On or about June 13, 2009, Petitioner was involved in a fight involving at least three other inmates. On June 18, 2009, he was charged with the disciplinary offense of participating in security threat group activity, which is defined as follows:

> Participation in Security Threat Group Activities (PGA) (Class A): To organize, promote, encourage, or directly participate in a security threat group or security threat group activity.

At a hearing before the prison disciplinary board on June 25, 2009, Petitioner was found guilty of the offense charged. Petitioner's appeals to the prison warden and to the commissioner of the TDOC were denied.

Petitioner then filed a petition for writ of certiorari in chancery court. Petitioner alleged that the disciplinary board, prison warden, and commissioner acted illegally and arbitrarily in reaching their decisions. The respondents filed a notice stating that they did not oppose the granting of a writ of certiorari. The writ was granted, and the administrative record of the disciplinary proceedings was filed in the trial court. Upon reviewing the record, the trial court dismissed Petitioner's petition, finding that he was convicted based upon the preponderance of the evidence and that the disciplinary board complied with the due process accorded to inmates such as Petitioner. Petitioner timely filed an appeal to this Court.

## II. STANDARD OF REVIEW

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003) (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). A trial court's issuance of a writ of certiorari "is not an adjudication of anything." *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct.

---

[1] A "Security Threat Group" is defined as "[a]ny group, organization, or association of individuals, whether formal or informal, who possess common characteristics which serve to distinguish them from other individuals or groups and who have been determined to be acting in concert, so as to pose a threat or potential threat to staff, other inmates, the institution, or the community." TDOC Policy No. 506.25(IV)(D).

App. 2003). It is simply a command by the trial court to the inferior tribunal to send the record of the proceeding to the court for review. *Id.* "Once the complete record has been filed, the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing." ***Jackson v. Tenn. Dep't of Corr.***, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. Jun. 8, 2006) (citing *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 868 (Tenn. Ct. App. 2002)).

The court's scope of review is limited to a determination of whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. ***Willis***, 113 S.W.3d at 712 (citing *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *South v. Tenn. Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996)). The court is not empowered to inquire into the intrinsic correctness of the board's decision. ***Id.*** (citing *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999)). "At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review." ***Powell v. Parole Eligibility Review Bd.***, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

### III. DISCUSSION

On appeal, Petitioner argues that the disciplinary board violated numerous provisions of the Uniform Disciplinary Procedures found in TDOC Policy 502.01. "The Uniform Disciplinary Procedures exist '[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates.'" ***Willis***, 113 S.W.3d at 713 (quoting TDOC Policy No. 502.01(II)). They are "not intended to create any additional rights for inmates beyond those which are constitutionally required," and "[m]inor deviations from the procedures . . . shall not be grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case." TDOC Policy No. 502.01(V). "To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." ***Jeffries***, 108 S.W.3d at 873. Thus, an inmate may be entitled to relief under a common-law writ of certiorari if he demonstrates that the disciplinary board failed to adhere to the Uniform Disciplinary Procedures and that its failure to do so resulted in substantial prejudice to the inmate. ***Irwin v. Tenn. Dep't of Corr.***, 244 S.W.3d 832, 835 (Tenn. Ct. App. 2007).

### *A. Calling Witnesses*

Petitioner argues that the disciplinary board violated TDOC Policy and his due process rights because he was "not allowed to call witnesses to testify on his behalf, upon his request."

"'[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply .'" *Patterson v. Tenn. Dep't of Corr.*, No. W2009-01733-COA-R3-CV, 2010 WL 1565535, at *4 (Tenn. Ct. App. Apr. 20, 2010) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Prisoners have only a "qualified right to introduce evidence and call witnesses in disciplinary proceedings." *Willis*, 113 S.W.3d at 713; *see also Jeffries*, 108 S.W.3d at 874 (explaining that prisoners facing disciplinary charges have "a limited right to present exculpatory evidence"). "The Department's Uniform Disciplinary Procedures balance a prisoner's interest in presenting witnesses in his defense and the institution's interest in maintaining discipline and order." *Horton v. Tenn. Dep't of Corr.*, No. M1999-02798-COA-R3-CV, 2002 WL 31126656, at *5 (Tenn. Ct. App. Sept. 26, 2002).

The Uniform Disciplinary Procedures provide that an inmate who pleads "not guilty" shall be permitted "[t]he right to present the testimony of relevant witness(es), unless allowing the witness to appear would pose a threat to institutional safety or order." TDOC Policy No. 502.01(VI)(L)(4)(c)(6). However, the Procedures further provide that "[a]n inmate who wishes to have witness(es) (inmate or staff) present to testify on his/her behalf at the hearing shall complete an Inmate Witness Request, CR-3511, and submit it to the hearing officer at least 24 hours prior to the hearing." TDOC Policy No. 502.01(VI)(L)(4)(d)(1). "If an inmate fails to request a witness on CR-3511 prior to the hearing, the hearing officer may still allow the witness to testify." TDOC Policy No. 502.01(VI)(L)(4)(d)(2). Thus, it is within the chairperson's discretion to allow witness testimony when an Inmate Witness Request form has not been completed. *Ross v. Tenn. Dep't of Corr.*, No. W2008-00422-COA-R3-CV, 2008 WL 4756873, at *4 (Tenn. Ct. App. Oct. 30, 2008); *Horton*, 2002 WL 31126656, at *5. Inmates who are not permitted to call a particular witness may present the witness's written statement instead. TDOC Policy No. 502.01(VI)(L)(4)(d)(3).

In the instant case, there is nothing in the administrative record to support Petitioner's bare allegation that he ever asked to call witnesses on his behalf.[2] Petitioner does not even

---

[2] Unfortunately, the "Disciplinary Report Hearing Summary" does not clearly resolve this issue. The Uniform Disciplinary Procedures instruct the board chairperson or hearing officer to make numerous

(continued...)

attempt to argue that he submitted an Inmate Witness Request form in accordance with TDOC Policy, and no such form appears in the record of the disciplinary proceedings. Petitioner's appeals to the prison warden and the commissioner did not mention the issue of witnesses. However, when Petitioner filed his petition in chancery court, he claimed, for the first time, that he had requested the presence of three inmate witnesses and that the board chairperson had told him "that he would not be allowed to call witnesses." In his brief to this Court, Petitioner claims that he had requested the presence of five witnesses. Despite these allegations, the *record* simply does not support a finding that Petitioner requested and was denied the opportunity to call witnesses on his behalf. We have previously denied relief to a prisoner who claimed that he was not allowed to call witnesses when "[t]he record before us show[ed] *by omission* that appellant did not make a request to put on a witness to testify in his defense." **Holmes v. Tenn. Dep't of Corr.**, No. E2008-00894-COA-R3-CV, 2009 WL 1065941, at *3 (Tenn. Ct. App. Apr. 21, 2009) (emphasis added). In **Keen v. Tenn. Dep't of Corr.**, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *5 (Tenn. Ct. App. Feb. 25, 2008), for example, an inmate argued that his disciplinary conviction should be reversed because he "was unable to call as witnesses the correctional officers" involved in the incident. The Court noted that "[t]he Uniform Disciplinary Procedures include a process by which inmates can file written requests for the appearance of witnesses at disciplinary hearings," and it denied relief because "[n]o such written requests [were] found in the record." **Id.** We likewise find no support for Petitioner's allegation that he requested the presence of witnesses. Thus, we cannot say that the disciplinary board acted illegally or arbitrarily, and we find no violation of Petitioner's due process rights.[3]

## B.    Reasons for the Board's Decision

Next, Petitioner argues that the board "failed to set forth any facts or findings as to how they arrived at their decision in establishing that this offense was committed."

---

[2](...continued) inquiries of the inmate, including whether the inmate waived the right to call witnesses, and the answers should be noted in the board's findings. TDOC Policy No. 502.01(VI)(L)(4)(a)(3). Here, the "Hearing Summary" form utilized by the board contains a signature line for the inmate to acknowledge that he waives the right to call witnesses on his behalf. An "x" was placed beside the signature line, and Petitioner's inmate number was written in, along with the date, but Petitioner did not sign it. Nevertheless, the aforementioned policy requiring an inquiry of the inmate does not mean that the inmate must execute a written waiver in order to waive his or her right to call witnesses. **Patterson**, 2010 WL 1565535, at *5. The inmate may waive the right to call witnesses by failing to request the presence of witnesses. *See **id.*** He or she may also waive the right orally and simply decline to sign the form. **Jeffries**, 108 S.W.3d at 875.

[3] We also note that Petitioner did not submit any written witness statements, which he could have provided if the board had denied his request to have a witness personally appear.

The Uniform Disciplinary Procedures provide that within five working days after the conclusion of a disciplinary hearing, the hearing officer "shall render a CR-1834 [form] . . . [s]tating detailed reasons for the . . . decision and summarizing the evidence which led to such decision." TDOC Policy 502.01(VI)(L)(4)(n)(5). The record before us contains a CR-1834 form, completed on the day of the hearing, which summarized Petitioner's testimony that he was only helping inmate Johnson when two other inmates began fighting him. The form listed the board's findings of fact as follows:

> Sgt. had pictures of this I/M fighting with another I/M, who is a STG member. Sgt. had a tape [of] I/M Johnson tell[ing] his family he was going to have to stand up for hi[m]self but he had backing. A fight took place involving several STG members. [Petitioner] was one of them. Guilty (PGA).

The form stated that the physical evidence introduced included the sergeant's report and pictures of the incident. We find no merit in Petitioner's assertion that the board failed to set forth the reasons for its decision.

### C.    The Reporting Official

Next, Petitioner argues that "the Uniform Disciplinary Procedure requires that the reporting official initiate the report . . . by entering the incident that prompted the action on (Tomis)." TDOC Policy 502.01(VI)(E)(3) does provide that when formal disciplinary action is required, "[t]he reporting employee shall initiate disciplinary action by entering the incident that prompted the action on TOMIS incidents (LIBJ)." The TOMIS Disciplinary Report in the record before us lists the reporting official as Sergeant Julian, but the report states that it was prepared by another staff member, Officer English. Without some showing of prejudice, we cannot find that this deviation from TDOC policy was so great that it entitles Petitioner to judicial relief. The reporting official was a witness at the hearing, as required by TDOC Policy No. 502.01(VI)(L)(4)(c)(4).

### D.    Other Arguments

In his brief on appeal, Petitioner raises numerous additional issues regarding the evidence presented before the board, his assignment to administrative segregation, and whether he participated in a "group" activity. However, these issues were not raised in his petition for writ of certiorari, so we will not address them for the first time on appeal.

## IV. Conclusion

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, Danny E. Rogers, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.