HILL STATE BANK & TRUST CO. *v.* CHEW *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed January 13, 1934.

Jas. R. McDowell, W. P. Armstrong, Armstrong, Mc-Cadden & Allen, and Thos. C. Farnsworth, all of Memphis, for appellant.

Holmes, Canale, Loch & Glankler and Hamilton E. Little, all of Memphis, for appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The record in this cause was filed for writ of error by Mrs. Courtney R. Chew, to review a decree of the chancery court of Shelby county. After argument had been heard by the court on the writ of error, Mrs. Chew filed her petition for the writ of *certiorari*, assigning as error that the chancellor should have dismissed the bill as to her, upon sustaining her demurrer.

The original bill exhibits certain items of indebtedness of R. E. Chew, Jr., and a written contract of guaranty executed by Courtney R. Chew binding her to pay any amount of said debts which may remain unpaid upon the death of R. E. Chew, Jr., who is still living. The bill prays for a decree against Mrs. Chew, or, in the alternative, for a decree declaring and adjudging "the rights of the parties under and by virtue of the said guaranty agreement."

The chancellor sustained Mrs. Chew's demurrer in so

far as the bill prayed a present recovery against her, but declined to discharge her from the suit. The decree recites that she "is properly made a party defendant to the cause of action averred against the defendant R. E. Chew, Jr.," and she was granted time within which to answer. Mrs. Chew's prayer for an appeal was denied by the chancellor.

The complainant, respondent here, moves to dismiss the writ of error, on the ground that the chancellor's decree is not a final decree. This motion must be sustained. *Cockrill* v. *People's Savings Bank,* 155 Tenn., 342, 293 S. W., 996, 997.

In the case cited we ruled that a decree final in substance but not in form, as when the decree expressly retains jurisdiction of the cause for further proceedings, may be reviewed by *certiorari* but not by writ of error. The opinion of the court says: "But usually, unless Thompson's-Shannon's Code, section 4889 (Code 1932, section 9038) applies, a decree must be final in form as well as in effect before it can be reviewed on appeal or writ of error. Otherwise, as to writ of error, the clerk of this court, from whom the losing party below might as a matter of right obtain said writ within one year from the judgment below, . . . would be called on to oust the chancellor of jurisdiction of a cause which he might have expressly retained."

The bill avers no present controversy between the parties as to the amount of the indebtedness of R. E. Chew, Jr., nor as to the validity or scope of the guaranty agreement executed by Mrs. Chew. No wrong or omission is charged against her as making it necessary that she be made a party for the protection of complainant's interests. The bill is therefore not one which may be sustained against Mrs. Chew for declaratory relief. *Nash-*

*ville Trust Co.* v. *Dake,* 162 Tenn., 356, 36 S. W. (2d), 905; *Miller* v. *Miller,* 149 Tenn., 463, 261 S. W., 965.

Upon correctly determining that the bill states no cause of action against Mrs. Chew, either as the basis of a present recovery or as entitling the complainant to declaratory relief against her, we think the chancellor exceeded his jurisdiction in requiring her to stand as a party defendant and to answer the bill. The petitioner has no interest in the determination of the present status of the indebtedness of her husband. It is only with respect to the amount which may be unpaid at the date of his death that she has contracted with complainant. And as pointed out above, the bill fails to state any present controversy or disagreement between the parties as to the amount now due or owing, which would make an accounting necessary. There is no averment of fact indicating any equitable right in complainant to require Mrs. Chew to litigate with it now to avoid future dispute. There is therefore no subject-matter involved as to which the court may adjudicate any right or obligation of the petitioner. On the authority of *Cockrill* v. *People's Savings Bank, supra,* the petition for *certiorari* should be granted.

The decree to be entered here will (1) sustain complainant's motion to dismiss the writ of error; (2) sustain the petition for the writ of *certiorari*; (3) dismiss the bill in so far as it makes Mrs. Courtney R. Chew a party thereto; and (4) adjudge all of the costs which have accrued subsequent to the filing of the bill, including the costs of this court, against the complainant. Exercising the discretion with which we are vested, we think it inequitable that petitioner should be required to pay any of the costs of the suit.