LEWIS E. HEWGLEY, et al.

*v.*

HELEN CORINNE SCALES TRICE, Executrix.

R. C. JONES et al.

*v.*

HELEN CORINNE SCALES TRICE, Executrix.

*(Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

Rehearing Denied October 7, 1960.

FYKE FARMER, Nashville, for petitioners.

WADE & FORRESTER, Pulaski, for respondents.

468

Mr. Justice Felts delivered the opinion of the Court.

These are petitions by Helen Corinne Scales Trice, executrix of Joe W. Scales, deceased, Fyke Farmer, substitute trustee under mortgage trust deeds, for the writs of certiorari and supersedeas directed to the Circuit Court, to review and supersede interlocutory orders of that court in these two cases overruling petitioners' demurrers and motions to dissolve injunctions restraining them from taking any steps to foreclose the deeds of trust.

These petitions were set down for hearing; and transcripts, petitions and briefs were filed; and the petitions have been presented before the whole Court; and since each involves substantially the same question, both were submitted together, and will be so disposed of in this opinion.

*First case:* In the first case respondents, Lewis E. Hewgley and Elizabeth J. Hewgley filed a bill or petition in the Circuit Court against petitioners, Helen Corinne Scales Trice, executrix of Joe W. Scales, deceased, and Fyke Farmer, substitute trustee, alleging that Joe W.

Scales had held a mortgage trust deed of certain land and personalty of the Hewgley to secure a debt in the sum of $14,000; and that this debt had been paid, Scales had died, and his estate was being administered in the County Court of Giles County.

The bill further alleged that the Hewgleys had filed a claim against the estate of Scales, the claim had been excepted to, and the matter was pending in the Circuit Court; that the Hewgleys filed their bill in that court in aid of their claim and had a right to have that court issue an injunction restraining the executrix and the substitute trustee from going upon the land, taking possession of it, claiming the rents from it, or taking other steps to foreclose the mortgage.

*Second case:* On the same day, R. C. Jones and Betty Jones filed a bill in the same Circuit Court against the executrix and the substitute trustee, alleging that Joe W. Scales held a mortgage trust deed on a number of tracts of land of the Joneses to secure debts; that the debts had been fully paid; that the Joneses had filed a claim against the estate of Scales, which claim had been excepted to and was likewise pending in the Circuit Court.

The second bill also alleged that the executrix and substitute trustee were about to take possession of the lands, collect the rents, and foreclose the deeds of trust, although the debts had been fully paid. The bill further averred that the Joneses had a right to file their bill in the Circuit Court in aid of their claim pending there, and to have an injunction restraining the executrix and the substitute trustee from doing any of the threatened acts or taking any steps to foreclose.

470

Upon the filing of the bill in each case, the Circuit Judge granted a fiat and an injunction issued as prayed and was served upon the executrix and the substitute trustee.

In each case they filed a demurrer to the bill and a motion to dissolve the injunctiòn, upon the grounds that the case stated by the bill was one of an equitable nature within the exclusive jurisdiction of the Chancery Court; that the Circuit Court had no jurisdiction to hear the case or to issue the injunction; and that the complainants below had failed to give the notice required by the statute for a bill to enjoin foreclosure of a mortgage trust deed (T.C.A. secs. 23-2401, 23-2402).

Upon a hearing in each case, the Circuit Judge overruled the demurrer and motion and entered a decree accordingly; and the executrix and substitute trustee excepted to the decree, but it does not appear that they sought to avail themselves of the remedy of a discretionary appeal (T.C.A. sec. 27-305). Instead, they presented these petitions to this Court.

They insist that this Court should grant the writs of certiorari and supersedeas and reverse the action of the Circuit Court, because that court, in overruling their demurrer and motion to dissolve the injunction, acted illegally and in excess of its jurisdiction and they have no other speedy or adequate remedy save that of certiorari and supersedeas.

It is urged that the case stated in the bill was a suit of an equitable nature within the exclusive jurisdiction of the Chancery Court (T.C.A. sec. 16-603); that the Circuit Court, though a court of general jurisdiction (T.C.A. sec. 16-501), had no jurisdiction to hear this case, to grant the injunction, or to do anything except sustain a demurrer

and motion, and dismiss the suit. Petitioners rely on this statute (T.C.A. sec. 16-511):

"Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court."

This can hardly be said to be a denial of the court's jurisdiction of the subject matter of such a case, but is rather a recognition of such jurisdiction if not challenged by demurrer, and even where it is so challenged, it would seem that the Circuit Court has jurisdiction to pass on the demurrer, to determine whether the suit is of an equitable nature.

As we have seen, the case alleged in each bill was part of the controversy upon a claim of respondents against the estate of Scales and the exception to such claim, pending in the Circuit Court, under our statute giving that court jurisdiction to "hear and determine all issues arising upon such exceptions" (T.C.A. secs. 30-517, 30-518) to claims against estates being administered under our statute (T.C.A. secs. 30-509 to 30-525).

Considering the broad jurisdiction given by these statutes to the County or Probate Court, and to the Circuit Court, on removal of a claim to that court, it may well be that that court had jurisdiction to hear all parts of the controversy over the claim, including that as to payment of the mortgage, and that the court properly

overruled the demurrer and motion; but if the court erred in overruling the demurrer and motion, it does not necessarily follow that such error is to be reviewed and corrected under our supervisory jurisdiction rather than our appellate jurisdiction.

The supervisory jurisdiction exercised by this Court, or a member thereof, by the writs of certiorari and supersedeas, must not be confused with the Court's ordinary appellate jurisdiction, or that which it exercises upon appeal or writ of error. Also, the common law writ of certiorari must not be confused with the statutory writ of certiorari in lieu of an appeal (T.C.A. sec. 27-802). *State ex rel. McMorrow v. Hunt,* 137 Tenn. 243, 249, 192 S.W. 931, 933; *Helton v. State,* 194 Tenn. 299, 305, 250 S.W.2d 540, 542. The statute, which is merely declaratory of the common law as to the common law writ (*State ex rel. McMorrow v. Hunt,* supra, 137 Tenn. at page 247, 192 S.W. at page 932), is as follows (T.C.A. sec. 27-801):

"The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

■ Thus this Court, or a member thereof, is authorized to issue the common law writ of certiorari, and in aid thereof, the ancillary writ of supersedeas, to review an interlocutory order or decree of a lower court only (1) where that court has exceeded its jurisdiction or is acting illegally and (2) where, in the judgment of this Court, there is no other plain, speedy or adequate remedy.

In addition to these two limitations, that (1) the lower court must have acted outside of its jurisdiction and (2) there must be no other plain, speedy or adequate remedy, there is a further limitation that (3) the case must be one of merit. "The issuance of the common law writ of certiorari is a discretionary matter and not to be issued as a matter of right. *City of Knoxville v. Connors,* 139 Tenn. 45, 201 S.W. 133." *Helton v. State,* supra, 194 Tenn. 301, 250 S.W.2d 540.

We think these petitions failed to meet those requirements. In the first place, it may well be that the Circuit Court, under Ch. 175, Acts 1939 (T.C.A. secs. 30-509 to 30-525), had jurisdiction of the whole controversy upon the claim, including a question whether the mortgage debts had been fully paid, as alleged in the bill; and that even if the court erred in overruling the demurrers, such error may have been an error in the exercise of the court's jurisdiction and not an error in excess of such jurisdiction.

At any rate, if the court committed error, the remedy for correction of such error was the usual one of appeal or writ of error. There is no showing in the petitions that the mortgaged property is, or will become, inadequate, or that petitioners will suffer any prejudice by pursuing the usual remedy of appeal—either an appeal to be allowed in the discretion of the Circuit Court, or an appeal from that court's final decree.

These petitions seem to present only the ordinary case where an appeal would be an adequate remedy. If a common law writ of certiorari could be demanded in such a case as this, it is difficult to imagine any case where it could not be demanded. Ordinarily the remedy of an ap-

peal is adequate. In *State ex rel. McMorrow v. Hunt,* the Court said (137 Tenn. 243, 193 S.W. 933):

" 'The right of appeal, while generally held an adequate means of correcting mere errors committed in the exercise of jurisdiction, may prove inadequate to redress or prevent a wrong done in the absence or excess of jurisdiction.'

"If the contrary were held, this court would have placed on it the burden of twice reviewing an ouster case on the same asserted errors; once on *certiorari* following the decretal order of suspension and again on appeal after final decree has passed, based on proof adduced."

Moreover, these petitions do not present a case of merit to move the Court to exercise its discretion to grant the common law writ of certiorari. Taking the bills as true, as must be done on demurrer, the mortgage debt has been fully paid; and petitioners are in the position of seeking to foreclose a mortgage which has been paid.

For these reasons, the petitions are denied at petitioners' cost.

### On Petition to Rehear.

Helen Corinne Scales Trice, executrix of Joe W. Scales, deceased, and Fyke Farmer, substitute trustee, have filed a petition to rehear our decision denying their petitions for certiorari to review an interlocutory order of the Circuit Court overruling their demurrers to respondents' bills in these cases.

In aid of their petition to rehear, petitioners have also moved the Court for leave to supplement the transcript

before us by bringing up certified copies of the claims against the estate of Joe W. Scales and the exceptions of the executrix thereto. Pursuant to leave granted, they have also filed an amended and supplemental petition to rehear.

■ The motion for leave to file a copy of the claims and the exceptions thereto, must be overruled. The interlocutory order complained of was based on the demurrer to the bill. The papers now sought to be filed were not exhibits to the bill nor part of it, and could not be looked to to aid the demurrer; and the propriety of the order overruling the demurrer must be tested here upon the same record as that in the lower court—the bills and the demurrers.

Both the petitions to rehear and the amended and supplemental petition insists that this Court erred in its former opinion denying the writs of certiorari and supersedeas; but neither the petition nor the amended petition points out any new or material matter of fact or law overlooked.

Petitioners cite *Cockrill v. Peoples Savings Bank,* 155 Tenn. 342, 293 S.W. 996; and *Hill State Bank & Trust Co. v. Chew,* 167 Tenn. 71, 66 S.W.2d 989. Neither of these cases, however, is in point.

In the first case, Cockrill was surety for the bank on some guardian bonds. He also owed the bank a debt secured by mortgage on his property. The bank failed, and was being wound up by a receiver, who advertised Cockrill's property for foreclosure sale. He filed a bill to enjoin the sale until the amount he would have to pay as surety for the bank on the bonds could be fixed and set off against his debt to the insolvent bank.

Upon a hearing, the chancellor rendered a decree denying the injunction, the only relief sought, but retaining the cause in court. Since the chancellor's decree was final in effect, thought not in form, and, therefore, could not be reviewed on appeal or writ of error, this Court held that it was reviewable by the statutory writ of certiorari, which lies to review final orders of an inferior tribunal where no appeal is provided (T.C.A. sec. 27-802).

In the case before us, however, the lower court had jurisdiction to pass on petitioners' demurrers, and its order overruling the demurrers was interlocutory and should await review until the case should be finally determined and brought up by appeal or writ of error. *Helton v. State,* 194 Tenn. 299, 250 S.W.2d 540; *Allen v. State,* 194 Tenn. 296, 250 S.W.2d 539; *Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662, 668.

In *Hill State Bank & Trust Co. v. Chew,* supra, the bank sued Mrs. Chew and her husband. But the bill failed to state a cause of action against her and the chancellor sustained her demurrer, but, nevertheless, held that she was properly made a defendant and should answer the bill. This Court held that since the decree was not final, it was not reviewable by appeal or writ of error; but that since the bill had stated no cause of action against her, the chancellor exceeded his jurisdiction in requiring her to stand to answer and his order was reviewable by common law certiorari.

▪ Thus, neither the petition nor the amended petition points out any matter of law or fact overlooked, but both merely reargue matters which counsel insists were improperly decided after full consideration. Such a petition presents no ground for a rehearing.

" 'The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration' (*Louisville & N. Railroad Co. v. United States Fidelity & Guaranty Co.,* 125 Tenn. 658, 691, 148 S.W. 671, 680). *Gulf, M. & O. R. Co. v. Underwood,* 182 Tenn. 467, 476, 187 S.W.2d 777, 780; *Colbaugh v. State,* 188 Tenn. 103, 112, 216 S.W.2d 741.) " *Delta Loan & Finance Co. of Tenn. v. Long,* 206 Tenn. 709, 337 S.W.2d 606, 607.

The petitions to rehear are denied at petitioners' cost.