# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**November 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

GARY W. PHELPS,                          )
                                         )
        Plaintiff/Appellant,             )
                                         )        Davidson Chancery
                                         )        No. 95-1892-III
VS.                                      )
                                         )        Appeal No.
                                         )        01A01-9603-CH-00103
TENNESSEE BOARD OF PAROLES,              )
ET AL.,                                  )
                                         )
        Defendants/Appellees.            )


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR


For the Plaintiff/Appellant:                For the Defendants/Appellees:

Gary W. Phelps, Pro Se                      J. Knox Walkup
                                            Attorney General and Reporter

                                            Patricia C. Kussmann
                                            Assistant Attorney General


# VACATED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a state prisoner's efforts to obtain judicial review of the decision of the Tennessee Board of Paroles to deny him parole. After exhausting his available remedies before the Board, the prisoner filed a petition for writ of certiorari in the Chancery Court for Davidson County challenging the Board's decision. The trial court dismissed the petition on the ground that it had not been filed within sixty days as required by Tenn. Code Ann. § 27-9-102 (1980). We find that the petition was timely filed and, therefore, vacate the order of dismissal.

## I.

Gary W. Phelps is currently incarcerated at Turney Center serving two consecutive sentences for sex crimes. He was afforded a parole hearing on February 14, 1995, and at the conclusion of the hearing, the hearing officer recommended that Mr. Phelps should not be paroled because of the seriousness of his offenses and because he had not completed a program for sex offenders.[1] Between February 16 and 23, 1995, four members of the Board approved the hearing officer's recommendation, and Mr. Phelps was informed of the Board's decision in a letter dated February 28, 1995.

On March 20, 1995, Mr. Phelps requested that the full Board review the hearing officer's decision. On April 25, 1995, the Board notified Mr. Phelps that his request for review had been denied. Mr. Phelps received this notice on April 28, 1995 and filed a petition for writ of certiorari in the Chancery Court for Davidson

---

[1]Persons who have been convicted of sex crimes may not be released on parole until they have completed a program for sex offenders and an appropriate mental health professional has certified that they do not "pose the likelihood of committing sexual assaults upon release from confinement." *See* Tenn. Code Ann. §§ 40-28-116(a)(2), -117(b)(6) & 41-21-235 (1997). Based on the State's stipulated settlement in federal proceedings regarding the enforcement of these statutes, this court has held that the Board cannot base its decision to deny parole to a sex offender solely on the ground that the offender has not completed a program for sex offenders until the Department of Correction has fully instituted these programs. *See South v. Tennessee Bd. of Paroles*, 946 S.W.2d 310, 312-13 (Tenn. Ct. App. 1996); *Dalton v. Tennessee Bd. of Paroles*, App. No. 01A01-9601-CH-00029, 1996 WL 230209, at *3-4 (Tenn. Ct. App. May 8, 1996) (No Tenn. R. App. P. 11 application filed).

County on June 23, 1995. The trial court dismissed the petition after concluding that Mr. Phelps had not filed it before the deadline prescribed by Tenn. Code Ann. § 27-9-102.

## II.

This appeal requires us to determine when the time for filing a petition for writ of certiorari to review the Board of Paroles' denial of parole begins to run. This issue has been raised in prior cases, but we have never decided the question because those cases were disposed of on other grounds.[2] Specifically, we must determine whether the sixty-day filing period required by Tenn. Code Ann. § 27-9-102 commences when a panel of the Board first denies parole or when the full Board denies the prisoner's timely application[3] for appellate review. This is a pivotal issue in many of these cases because the sixty-day filing period in Tenn. Code Ann. § 27-9-102 is mandatory and jurisdictional. *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).

## A.

Prisoners do not have a right to be released on parole. *See Graham v. State*, 202 Tenn. 423, 426, 304 S.W.2d 622, 623 (1957); Tenn. Code Ann. § 40-28-117(a) (1997). The decision to release a prisoner on parole is within the Board of Paroles' discretion. *State ex rel. Ivey v. Meadows*, 216 Tenn. 678, 685, 393 S.W.2d 744, 747 (1965); *Doyle v. Hampton*, 207 Tenn. 399, 403, 340 S.W.2d 891, 893 (1960). The Department of Correction is responsible for determining when a prisoner becomes eligible for parole consideration, *see* Tenn. Code Ann. §§ 40-28-116 & 40-28-129 (1997), and this decision is based primarily on the portion of the sentence the prisoner has served and on the sentence credits the prisoner has earned. *See* Tenn. Code Ann. § 40-28-115 (1997); Tenn. Comp. R. & Regs. r. 1100-1-1-.07(1)(a) (1995).

---

[2]*See West v. Tennessee Bd. of Paroles*, App. No. 01A01-9604-CH-00362, 1997 WL 5179, at *2 (Tenn. Ct. App. Jan. 8, 1997) (No Tenn. R. App. P. 11 application filed).

[3]In *West v. Tennessee Bd. of Paroles*, *supra.*, n.2, 1997 WL 5179, at *2, we held that a prisoner's untimely application for appellate review (formerly referred to as de novo review) did not toll the time for filing a common-law writ of certiorari.

After becoming eligible for parole consideration, a prisoner is afforded a hearing before either a hearing officer or a panel of the Board. These hearings must be conducted in accordance with the Open Paroles Hearing Act. *See* Tenn. Code Ann. §§ 40-28-501 through -505 (1997). Prisoners may be permitted to be present during the deliberations following the hearing, *see* Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(a), but in any event they are entitled to be informed of the decision "as soon as it is made." *See* Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(b).

If a parole hearing is conducted by a hearing officer, the hearing officer's decision is advisory only and must be either accepted, modified, or rejected by a majority of the members of the Board. *See* Tenn. Comp. R. & Regs. r. 1100-1-1-.07(2)(a). After the Board has acted on the hearing officer's recommendations, inmates have the right to appeal to the Board for further consideration on three grounds. Written requests for this appellate review must be received by the Board within twenty-one days after the Board's final disposition "is made available to the inmate."[4] The decision concerning whether to grant or to deny the appeal is discretionary with the Board.

**B.**

The trial court did not explain the factual basis for its determination that Mr. Phelps's petition for common-law writ of certiorari had not been filed within the time required by Tenn. Code Ann. § 27-9-102. We may assume, however, that the trial court must have determined that the running of the filing period in Tenn. Code Ann. § 27-9-102 was not tolled while the Board was considering Mr. Phelps's request for appellate review of the Board's decision announced in its February 28, 1995 letter. Indeed, the Board asserts in its brief that the filing period began to run on February 28, 1995 and that there is no other possible date because the Board does not have the authority to extend the filing deadline in Tenn. Code Ann. § 27-9-102. We certainly agree that the Board does not have the authority to extend a statutory filing deadline;

---

[4]Tenn. Comp. R. & Regs. r. 1100-1-1-.07(3)(c).

however, identifying the correct date when the filing period begins to run is another matter.

Common-law writs of certiorari are extraordinary remedies. *See Clark v. Metropolitan Gov't of Nashville and Davidson County*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991). In the proper circumstances, the courts may grant these writs to review decisions that are not final. *See Boyce v. Williams*, 215 Tenn. 704, 713, 389 S.W.2d 272, 276 (1965); *Hewgley v. Trice*, 207 Tenn. 466, 472, 340 S.W.2d 918, 921 (1961). However, the courts should decline to grant writs of certiorari if there are other plain, adequate, and speedy remedies available to the person seeking the writ. *Pack v. Royal-Globe Ins. Co.*, 224 Tenn. 452, 465, 457 S.W.2d 19, 24 (1970); *McGee v. State*, 207 Tenn. 431, 434, 340 S.W.2d 904, 905-06 (1960).

Tenn. Code Ann. § 27-9-102 requires a petition for common-law writ of certiorari to be filed "within sixty (60) days from the entry of the order or judgment." In the context of reviewing decisions of the Board to deny parole, Tenn. Code Ann. § 27-9-102 should be construed to refer to the final decision that fully and finally resolves all the claims with no option for further administrative remedies. Any other interpretation of Tenn. Code Ann. § 27-9-102 would require the courts to become enmeshed in the Board's proceedings prematurely and would also devalue the administrative remedies still available to the prisoners seeking the writ. The Board's own procedures that permit appellate review by the full Board provide prisoners with a plain, adequate, and speedy remedy that should not be circumvented.

Accordingly, we have determined that the time for filing a common-law writ of certiorari to review decisions of the Board of Paroles should begin to run either when a majority of the members of the board render their decision or, if the prisoner has filed a timely request for appellate review by the Board, from the date the full Board acts on the prisoner's request. This interpretation of Tenn. Code Ann. § 27-9-102 is consistent with our interpretation of Tenn. R. App. P. 4(b) regarding the filing of notices of appeal and Tenn. Code Ann. § 4-5-322(b)(1) (Supp. 1997) regarding the filing of petitions for judicial review of administrative decisions.

**III.**

We have determined that Mr. Phelps filed his petition for common-law writ of certiorari within sixty days after the Board's denial of his request for appellate review and, therefore, that his petition was filed within the time required by Tenn. Code Ann. § 27-9-102. Accordingly, we vacate the order dismissing Mr. Phelps's petition and remand the case to the trial court for a consideration of the merits of Mr. Phelps' claims. We also tax the costs of this appeal to the Board of Paroles for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE